UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE TERMEL JONES,

    Plaintiff,

v.                                                           Case No. 8:22-cv-172-AEP

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Attorney's Fees (Doc. 17). By the motion, Plaintiff seeks attorneys' fees in the amount of $9,012.21 and paralegal fees in the amount of $12.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). On February 23, 2023, the undersigned entered a Report and Recommendation recommending that the District Judge reverse and remand the case to the Commissioner for further administrative proceedings (Doc. 14). The District Judge accepted and adopted the Report and Recommendation (Doc. 15).[1] Thereafter, the Clerk entered judgment in favor of Plaintiff (Doc. 16). The Commissioner opposes the relief requested in the instant motion.

---

[1] The parties consented to the undersigned's jurisdiction after filing the instant motion (Docs. 18 & 19).

**I. Standard**

Pursuant to the EAJA, a court shall award attorney's fees and other expenses to a prevailing party incurred by that party in any non-tort civil action brought by or against the United States unless the court determines that the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Monroe v. Comm'r of Soc. Sec. Admin.*, 569 F. App'x 833, 834 (11th Cir. 2014). To be "substantially justified" under the EAJA, the government's position must be "justified to a degree that could satisfy a reasonable person," which requires that the government's position have a reasonable basis in both law and fact. *Monroe*, 569 F. App'x at 834 (internal quotation and citation omitted). The fee applicant bears the burden of establishing his or her entitlement to EAJA fees. *See Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). After an entitlement to attorney's fees has been established, the court must consider the reasonableness of the requested hourly rate as well as whether the hours claimed for attorney's fees were reasonably expended. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

**II. Discussion**

As the prevailing party, Plaintiff now requests an award of attorneys' fees. *See* 28 U.S.C. § 2412(d)(1)(A); *cf. Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party), *superseded by rule on other grounds*, Fed. R. Civ. P.

58(c)(2)(B). The Commissioner opposes an award of a reasonable attorneys' fee to Plaintiff pursuant to the EAJA. To that end, the Commissioner does not oppose the hourly rate requested by Plaintiff, and the Court, upon its own review, finds the hourly rate of $234.85 for 2022 and $240.00 for 2023 are reasonable. However, the Commissioner objects to the requested number of hours expended on various tasks, including clerical tasks and time spent on Plaintiff's memorandum of law.

In submitting a fee petition, counsel must exercise proper billing judgment and thus exclude any hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *Norman,* 836 F.2d at 1301. Accordingly, counsel may not bill any hours to their adversary which they would not bill to their client. *Hensley*, 461 U.S. at 434. Where the time or fees claimed appear expanded or lack documentation or testimonial support, a court may make a fee award based on its own experience and knowledge. *Norman,* 836 F.2d at 1303 (citation omitted). The party seeking fees must supply the court with "specific and detailed evidence" of "sufficient particularity" from which the court can properly assess the number of hours claimed for each activity. *Norman*, 836 F.2d at 1303. At the same time, parties opposing the fee petition should also be reasonably precise in posing their objections. *Id.* at 1301. "Generalized statements that the time spent was reasonable or unreasonable of course are not particularly helpful and not entitled to much weight." *Id.* Further, where the time or fees claimed appear expanded or lack documentation or testimonial support, a court may make a fee award based on its own experience and knowledge. *Id.* at 1303.

As part of the instant motion, counsel provided an affidavit which includes lists the specific tasks performed by counsel and the amount of time spent on each task (Doc. 17-1, at 17-19). Specifically, in 2022 attorney Carol Avard expended 6.5 hours, attorney Craig Polhemus expended 29.10 hours, along with .20 hours of paralegal time at an hourly rate of $60.00; in 2023, attorney Polhemus expended 2.7 hours (Doc. 17-1, at 17-19). As the Commissioner contends, the request for nearly 40 hours of work for a Social Security disability benefits appeal in this case is excessive and should appropriately be reduced.

The Commissioner asserts that Plaintiff's counsel inappropriately seek compensation for clerical tasks, redundant tasks, duplicate tasks, and excessive time, which are not compensable at any rate under the EAJA. The Commissioner argues that the following time should not be compensable as it is clerical in nature:

| Date | Task | Time | Timekeeper |
|---|---|---|---|
| 3/4/22 | Attorney rev. of Scheduling order | .1 | Craig Polhemus |
| 4/18/22 | Paralegal filing of Memorandum in opposition to the Commissioner's decision by cm/ecf | .2 | Paralegal |

(Doc. 17-1, at 18). The Court agrees with the Commissioner that time spent on clerical tasks—regardless of whether it is performed by an attorney or a paralegal—is considered non-compensable under the EAJA. *See Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) (citing *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000)); *see also Mullinax v. Comm'r of Soc. Sec.*, No. 5:17-cv-445-Oc-PRL, 2019 WL 1440149, at *1 (M.D. Fla. Apr. 1, 2019) (excluding hours for clerical tasks such as "combine, OCR, and Live Bookmark administrative transcript (770 pages)"

and "review scheduling order, calendar briefing deadlines to task pad"). Generally, paralegal fees are compensable at prevailing market rates for work traditionally done by an attorney. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008); *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988). However, because clerical work is usually subsumed in the rates already charged by lawyers, courts will exclude or reduce hours for clerical work. *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989). "Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them." *Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017). "Awarding fees for this time is unwarranted because electronically filing a document is a clerical task subsumed in an attorney's fee." *Langer on Behalf of Langer v. Comm'r of Soc. Sec.*, No. 8:19-cv-1273-T-24PDB, 2020 WL 7210026, *4 (M.D. Fla. Nov. 20, 2020), *report and recommendation adopted*, 2020 WL 7138571 (M.D. Fla. Dec. 7, 2020); *see also McCord v. Comm'r of Soc. Sec.*, No. 2:19-cv-318-JLB-NPM, 2021 WL 5494389 (M.D. Fla. Nov. 23, 2021) (adopting report and recommendation that rejected the same paralegal fee requested by the same firm). Thus, fees for this work are unwarranted and Plaintiff's request will be reduced by .3 hours for non-compensable work.

Next, the Commissioner argues that Plaintiff's counsel expended an excessive amount of time working on Plaintiff's memorandum of law. Specifically, the Commissioner argues that Plaintiff requests compensation for redundant tasks,

5

duplicate time spent on the same task by two different attorneys, and excessive amount of time spent on the brief in light of the fact the transcript length was approximately 585 pages, which is a relatively small compared to most social security cases. Additionally, the Commissioner argues that counsel's time for the preparation of affidavits in support of the instant motion should be reduced because there are duplicative entries for "preparation of affidavit" in 2023. Below are the specific time entries the Commissioner objects to:

| Date | Task | Time | Timekeeper |
|---|---|---|---|
| 4/6/2022 | Attorney writing the statement of facts | 3 | Craig Polhemus |
| 4/7/2022 | Attorney reviewing and rewriting statement of facts | 2.1 | Craig Polhemus |
| 4/7/2022 | Attorney reviewing the statement of facts | 1 | Craig Polhemus |
| 4/11/2022 | Attorney writing of preliminary draft of brief | 8.3 | Craig Polhemus |
| 4/13/2022 | Researching, taking notes and setting for the arguments in the brief | 6.5 | Carol Avard |
| 4/14/2022 | Attorney writing of revisions to final draft of Memorandum of Law as per Atty. Avard | 7.2 | Craig Polhemus |
| 2023 | Attorney rev. draft and review petition of attorney's fees and memorandum of law and preparation of affidavit | 2 | Attorney |
| 2023 | Attorney preparation of affidavit | .2 | Attorney |

(Doc. 17-1, at 17-18).

Upon review of the records attached to the fee petition, as well as the administrative record, and Plaintiff's memorandum of law, the time expended in preparing the memorandum of law – over 33 hours – is unreasonable. In short, it appears that some of the time spent on Plaintiff's brief was duplicative, unnecessary,

and excessive. Plaintiff's memorandum of law totaled 25 pages, consisting of a 7-page facts section and an argument section that identified six issues (Doc. 12). Counsel expended over six hours drafting the 7-page statement of facts, this is after spending almost five hours reviewing the transcript. Additionally, attorney Polhemus expended 8.3 hours drafting a "preliminary draft of [the] brief" (Doc. 17-1, at 18), followed by attorney Avard expending 6.5 hours "[r]esearching, taking notes and setting for the arguments in the brief" (Doc. 17-2, at 17), and subsequently, attorney Polhemus spent another 7.2 hours revising the memorandum of law "per [attorney] Avard" (Doc. 17-1, at 18). The excessiveness, duplication, and lack of billing judgment reflected in the foregoing time entries is apparent. A reasonable paying client would justifiably question why two experienced social security attorneys would have to spend so much time writing and rewriting a brief.[2] Moreover, although Plaintiff correctly notes that his brief raised six issues on appeal, the issues raised do not appear unusually novel or complex, and at least some of the issues were likely previously raised by Plaintiff's attorneys in other cases.[3] Notably, the undersigned only found one of the issues raised on appeal to have merit (*see* Doc. 14). Accordingly, the Court agrees that a reduction in the amount to be awarded is appropriate here. Specifically, attorney Avard's time is reduced from 6.5 hours to 2.5 hours and attorney Polhemus' time revising the

---

[2] Both attorneys attest to their extensive experience handling social security cases (*see* Docs. 17-1, 17-4)

[3] For example, the Court is aware that the issue raised by Plaintiff regarding the constitutional authority of the ALJ and the Appeals Council to decide the case has frequently been raised by social security plaintiffs.

7

brief is reduced from 7.2 hours to 6 hours as they are duplicative and excessive.

Furthermore, a reduction is warranted for the time spent preparing the fee petition. Generally, "[r]easonable time spent preparing an EAJA fee petition is compensable." *Kirkendall v. Comm'r of Soc. Sec.*, No. 3:17-cv-880-J-PDB, 2019 WL 913282, at *2 (M.D. Fla. Feb. 25, 2019). However, the Court finds the 2.3 hours requested to draft the EAJA petition to be excessive because the fee petition is almost identical to other petitions filed by the same attorneys in other cases. *See, e.g.*, *Lambert v. Comm'r of Soc. Sec.*, No. 8:21-cv-2579-CEH-JSS (M.D. Fla. Oct. 18, 2022) (Doc. 25), *Basich v. Comm'r of Soc. Sec.*, No. 8:22-CV-1757-JSS (M.D. Fla. May 11, 2023) (Doc. 25). Accordingly, the Court will award fees for one hour of time for the preparation of the EAJA petition. *See Bostic v. Comm'r of Soc. Sec.*, 858 F. Supp. 2d 1301, 1305 (M.D. Fla. 2011) (finding that "one hour is more than sufficient to compensate the Plaintiff's counsel for the preparation and filing of a petition for attorney fees, including the necessary calculations").

Therefore, the time spent in 2022 is reduced from 35.6 hours to 30.3 hours[4] at a rate of $234.95 per hour for a total of $7,118.99, and the time spent in 2023 is reduced from 2.7 hours to 1.4 hours[5] at a rate of $240.00 per hour for a total of $336.00. In total, the Court will award a total of $7,454.99 for attorney's fees.

After issuance of an order awarding EAJA fees, however, the United States

---

[4] The request consists of 6.5 hours (Avard) + 29.10 hours (Polhemus) = 35.6 hours; 35.6 hours requested - .1 hour of clerical tasks - 5.2 hours for duplicative and excessive hours of work on the brief = 30.3 hours in 2022. As previously noted, .2 hours of paralegal time on clerical work was eliminated.

[5] 2.7 hours requested - 1.3 excessive hours of work on the fee petition = 1.4 hours in 2023.

Department of the Treasury will determine whether Plaintiff owes a debt to the government. If Plaintiff has no discernable federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay the fees directly to Plaintiff's counsel. For the reasons set out in Plaintiff's motion, therefore, it is hereby

ORDERED:

1. Plaintiff's Motion for Attorney's Fees (Doc. 17) is GRANTED in part and DENIED in part.

2. Plaintiff is awarded fees in the amount of $7,454.99. Unless the Department of Treasury determines that Plaintiff owes a federal debt, the government must pay the fees to Plaintiff's counsel in accordance with Plaintiff's assignment of fees (Doc. 17-2).

DONE AND ORDERED in Tampa, Florida, on this 18th day of July, 2023.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:   Counsel of Record